No. 58786.—Fred H. Lenway & Co., Inc. *v.* United States, protest 182012–K (New York).

LAWRENCE, Judge: An importation described on the consular invoice as "2,429 pieces—60,150.3 kilos Lead Scrap, unpacked" was classified by the collector of customs as a combination of lead, and duty was imposed thereon at the rate of 1⅟₁₆ cents per pound on the lead content pursuant to the terms of paragraph 392 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 392), as modified by the trade agreement between the United States and the United Mexican States (78 Treas. Dec. 190, T. D. 50797).

Plaintiff contends that the merchandise is entitled to free entry within the purview of Public Law 869 of the 81st Congress as metal scrap or as articles of which metal is the component material in chief value imported to be used in remanufacture by melting.

The pertinent statutes are here set forth—

Paragraph 392 of the Tariff Act of 1930, as modified, *supra*:

Lead bullion or base bullion, lead in pigs and bars, lead dross, reclaimed lead, scrap lead, antimonial lead, antimonial scrap lead, type metal, Babbitt metal, solder, all alloys or combinations of lead not specially provided for_____ 1⅟₁₆¢ per lb. on the lead contained therein

Public Law 869 of the 81st Congress:

Sec. 1. (a) No duties or import taxes shall be levied, collected, or payable under the Tariff Act of 1930, as amended, or under section 3425 of the Internal Revenue Code with respect to metal scrap, or relaying and rerolling rails.

(b) The word "scrap", as used in this Act, shall mean all ferrous and non-ferrous materials and articles, of which ferrous or nonferrous metal is the component material of chief value, which are second-hand or waste or refuse, or are obsolete, defective or damaged, and which are fit only to be remanufactured.

Sec. 2. Articles of which metal is the component material of chief value, other than ores or concentrates or crude metal, imported to be used in remanufacture by melting, shall be accorded entry free of duty and import tax, upon submission of proof, under such regulations and within such time as the Secretary of the Treasury may prescribe, that they have been used in remanufacture by melting: *Provided, however,* That nothing contained in the provisions of this section shall be construed to limit or restrict the exemption granted by section 1 of this Act.

To meet the requirements of the statute relied upon by plaintiff, there must be at least satisfactory evidence that the commodity under consideration, in accord-

ance with section 1 (b) of Public Law 869, *supra*, consists of materials or articles composed in chief value of ferrous or nonferrous metal "which are second-hand or waste or refuse, or are obsolete, defective or damaged, and which are fit only to be remanufactured."

Section 2 of said public law provides that articles of which metal is the component material in chief value, with certain exceptions not important here, imported for use in remanufacture by melting, shall be accorded free entry upon the submission of proof "under such regulations and within such time as the Secretary of the Treasury may prescribe, that they have been used in remanufacture by melting."

At the trial, a report of the United States Customs Laboratory at the port of New York was received in evidence as exhibit 4. It states in substance that the merchandise is "in ingot form" and "contains 85.6% lead."

An affidavit of Fred H. Lenway, president of the plaintiff company, and an affidavit, signed by A. H. Byington, treasurer of Caswell, Strauss & Co., Inc., were received in evidence as exhibits 2 and 3, respectively, not as proof of the facts contained therein, but in an effort to establish that the regulations above referred to were complied with.

We gather from the official papers that the affidavits, exhibits 2 and 3, were transmitted to the collector of customs with a letter addressed to him by counsel for plaintiff under date of October 17, 1951, and were in his possession at the time the protest was filed, namely, October 18, 1951. Pursuant to the terms of section 515 of the Tariff Act of 1930 (19 U. S. C. § 1515), and, implicit in the action of the collector in transmitting the protest to the court, it must be assumed that he was not satisfied that the merchandise came within the exemption granted by said Public Law 869.

Inasmuch as exhibits 2 and 3 were received in evidence with express limitations placed upon them, as above indicated, we are without any direct evidence that the importation consisted of scrap within the meaning of Public Law 869, *supra*, or that it otherwise met the requirements of the statute which would entitle the merchandise to entry free of duty.

Under the circumstances, therefore, we are constrained to hold that plaintiff has failed to make a *prima facie* case, and we overrule the protest on all grounds.

Judgment will issue accordingly.